**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DUDLEY HARRIS,

                        Plaintiff,

          - v -                                Civ. No. 9:08-CV-271
                                                                       (DNH/RFT)

FISCHER, *Commissioner*, *et al.*,

                        Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

DUDLEY HARRIS
Plaintiff, *Pro Se*
99-B-1293
Cayuga Correctional Facility
P.O. Box 1186

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a civil rights Complaint, pursuant to 42 U.S.C. § 1983, from *pro se* Plaintiff Dudley Harris, who is currently incarcerated at the Cayuga Correctional Facility. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* and an Inmate Authorization Form.[1] Dkt. Nos. 2-3. By his Complaint, Plaintiff asserts that (1) he was falsely reported for drug use and illegally subjected to a drug test; (2) a request for urinalysis test form was falsified; (3) a Freedom of Information Law (FOIL) request (pursuant to N.Y. PUB. OFF. LAW. § 84) was not adequately responded to; and (4) his legal mail was tampered with. For a complete statement of Plaintiff's claims, reference is made to the Complaint.

---

[1] This case was transferred to this Court from the Western District of New York on February 12, 2008, though was not filed with this Court until March 10, 2008.

## I. DISCUSSION

### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte,* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573

(S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

In the current action, Plaintiff states that he was wrongly reported for drug use, was subjected to a random drug testing, and a request for urinalysis test form was falsified. Plaintiff also claims that his FOIL request was not adequately responded to and that his legal mail was tampered with. First, regarding the allegations of false reports, the Second Circuit has held that there is "no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Gill v. Riddick*, 2005 WL 755745, at *7 (N.D.N.Y. Mar. 31, 2005). While inmates may have a valid cause of action where a false misbehavior report is filed *in retaliation* for the exercise of a constitutional right, *see, e.g., Gill v. Riddick*, 2005 WL 755745 at *7, Plaintiff has not established that he was engaged in constitutionally protected conduct nor that any of the alleged actions were retaliatory in nature.

Considering Plaintiff's claim surrounding his FOIL request, the only constitutional claim that can arise from FOIL violations is one of a deprivation of property under the Due Process Clause of the Fourteenth Amendment. *See Webb v. Ashburn*, 1997 WL 118355, at *2 (S.D.N.Y. Mar. 17, 1997). Plaintiff has not alleged any property interest with respect to any of the documents purportedly requested.

With respect to Plaintiff's claim that his legal mail was tampered with, in order to state a claim for lack of access to the courts by interference with legal mail, "an inmate must allege that a

defendant's deliberate and malicious interference actually impeded his access to the court or prejudiced an existing action." *Cancel v. Goord*, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). In addition, "[a] delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Id.*, at *5 (citing *Jermosen v. Coughlin*, 877 F.Supp. 864, 871 (S.D.N.Y. 1995)). Plaintiff has made no claim as to how the alleged mail tampering actually impeded his access to the courts or otherwise prejudiced an existing action.

Furthermore, Plaintiff has not indicated what, if any, constitutional injury he suffered from the falsification of the request for urinalysis test form, being wrongly reported for drug use, and being subjected to a random drug testing. Because Plaintiff has made no allegation regarding an actual injury he suffered as a consequence of the allegations he asserts, he has failed to state a claim upon which relief could be granted and dismissal would be appropriate. *See, e.g.,* 42 U.S.C. § 1997e(e) (no claim for monetary damages is available without a prior showing of physical injury). However, in light of Plaintiff's *pro se* status, this Court recommends he be provided an opportunity to amend his Complaint to cure the deficiencies described herein.

Should the District Judge adopt this recommendation, we provide the following guidance for Plaintiff in drafting an amended complaint. Plaintiff should note that any amended complaint, **which shall supersede and replace in its entirety the previous Complaint**, must contain a caption that identifies, by name, each individual and/or entity that Plaintiff is suing in the present lawsuit, and must bear the case number assigned to this action. **Plaintiff should note that any Defendant not named in the amended pleading shall not be a Defendant in this action.** No portion of any prior Complaint shall be incorporated into his amended complaint by reference. The body of

Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. If Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (I) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**;[2] and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**RECOMMENDED**, that the Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and it is further

---

[2] Although his *In Forma Pauperis* Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to dismissing Plaintiff's Complaint, Plaintiff be provided an opportunity to cure the deficiencies of his pleading by filing an amended complaint that complies with the above instructions.  In any amended complaint that Plaintiff files, he must allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**RECOMMENDED**, that in the event Plaintiff does not file an amended complaint that complies with the terms set forth above, the Court should dismiss this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

IT IS SO ORDERED.

Date:   April 15, 2008

       Albany, New York

                                        RANDOLPH F. TREECE
                                        United States Magistrate Judge