**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DUDLEY HARRIS,

                              Plaintiff,

        - v -                           Civ. No. 9:08-CV-271
                                               (DNH/RFT)

FISCHER, *Commissioner*, *et al.*,

                              Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

DUDLEY HARRIS
Plaintiff, *Pro Se*
99-B-1293
Cayuga Correctional Facility
P.O. Box 1186

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

The Clerk sent to the Court for review a civil rights Complaint, brought pursuant to 42 U.S.C. § 1983, from *pro se* Plaintiff Dudley Harris, who is currently incarcerated at the Cayuga Correctional Facility. Dkt. No. 1, Compl. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* which has been granted.[1] Dkt. Nos. 2-3 & 6. On June 3, 2008, the District Court adopted this Court's April 15, 2008 Report-Recommendation wherein we recommended that Plaintiff's Complaint be dismissed for failure to state a claim, but that he first be given the opportunity to file an amended complaint. Dkt. Nos. 6 & 10. Plaintiff subsequently filed an Amended Complaint which is now before the Court for review. Dkt. No. 8. In his Amended Complaint, Plaintiff adds

---

[1] This case was transferred to this Court from the Western District of New York on February 12, 2008, though was not filed with this Court until March 10, 2008.

several new Defendants and claims which are addressed below.

## I. DISCUSSION

### A. Plaintiff's Amended Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte,* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their

constitutional rights").

In his Amended Complaint, Plaintiff alleges seventeen (17) separate claims against a total of twenty-seven (27) Defendants, though several of his claims are interrelated. Claims #1-6 and #8-10 relate to his overarching claim that several of the Defendants conspired to have him take a urine test and then contaminated his urine sample, which negatively affected his parole hearing. With respect to those claims, construing the pleading liberally and in Plaintiff's favor, we find that he has sufficiently alleged enough facts to create a valid cause of action under § 1983. *See, e.g., Storms v. Coughlin*, 600 F. Supp. 1214, 1222-23 (D.C.N.Y. 1984) (stating that the vindictive contamination of a urine sample may constitute unconstitutional behavior). The remaining claims we address individually below.

Claim # 7

Plaintiff claims Defendant K. Stevenson, Freedom of Information Law (FOIL) Officer and Senior Counselor, destroyed certain documents Plaintiff sent as a FOIL request, and failed to respond to that request. As we noted in our previous Report-Recommendation, the only constitutional claim that can arise from FOIL violations is one of a deprivation of property under the Due Process Clause of the Fourteenth Amendment. *See Webb v. Ashburn*, 1997 WL 118355, at \*2 (S.D.N.Y. Mar. 17, 1997). Plaintiff has failed to allege any property interest with respect to any of the documents purportedly requested. Therefore, it is recommended that this claim be **dismissed**.

Claims # 11-12

Plaintiff claims Defendant A. Costillo, Senior Mail Clerk, withheld his legal mail for eight to nine days, allowed Defendant J. Butler to read through it, and then sent four envelopes to another

facility. Plaintiff also claims Defendant Corrections Officer (C.O.) G. Saville prevented him from sending legal mail and harassed him. In order to state a claim for lack of access to the courts by interference with legal mail, "an inmate must allege that a defendant's deliberate and malicious interference actually impeded his access to the court or prejudiced an existing action." *Cancel v. Goord*, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). In addition, "[a] delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Id.*, at *5 (citing *Jermosen v. Coughlin*, 877 F.Supp. 864, 871 (S.D.N.Y. 1995)). Plaintiff has made no claim as to how the alleged mail tampering actually impeded his access to the courts or otherwise prejudiced an existing action. And, with respect to his claim of harassment against Saville, it is well settled law in this Circuit that "§ 1983 is not designed to rectify harassment or verbal abuse." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)). Therefore, it is recommended that these claims be **dismissed**.

Claim # 13

Plaintiff claims Defendants K. Stevenson, R. Chapin, and Captain J. Rocker intentionally destroyed videotapes Plaintiff sought in a FOIL request. Plaintiff asserts the videotapes contained incriminating statements by unnamed officers relevant to the instant lawsuit. It is unclear whether Plaintiff's claim rises to the level of a constitutional violation, and thus we recommend allowing this claim to go forward so that it may be addressed by Defendants in due course.

Claim #14

Plaintiff claims that Defendant B. Rawleigh removed him from a Disciplinary Hearing for no legitimate reason. This is a facially valid due process claim that should not be dismissed. *See*

*Johnson v. Doling*, 2007 WL 3046701, at *9 (N.D.N.Y. Oct. 17, 2007) (finding a limited right to be physically present at a disciplinary hearing).

Claim # 15

Plaintiff claims Defendant David Babiarz, Facility Parole Officer "knew about the situation and refrained from notifying his supervisor and parole Board Commissioners." Although Plaintiff does not specifically reference the tampering of his urine test in this claim, it appears from his reference of the Parole Board that he intends to hold Babiarz liable for failing to remedy that alleged constitutional violation. Thus, liberally construed, this claim should go forward.

Claim # 16

Plaintiff claims Defendant C. Ramsay denied him access to legal materials including paper, as well as legal advice and assistance in retaliation for the instant lawsuit. Access to the courts is a protected constitutional right, and retaliation for exercising that right creates a valid claim under the First Amendment. Therefore, it is recommended that this claim go forward.

Claim # 17

Plaintiff claims Defendant New York State Department of Correctional Services (DOCS) and Commissioner Brian Fischer "failed to properly train, supervise and protect [Plaintiff] from his staff and officer members while all is under his care." Plaintiff fails to allege in what way Fischer failed to protect him, or how any such failure caused him to suffer a constitutional violation or injury. Thus, this claim is conclusory and should be **dismissed**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Claims #7, 11-12, and 17 be **dismissed** for failure to state a

cognizable constitutional claim under § 1983; and it is further

**RECOMMENDED**, that Defendants Fischer, A. Costillo, Saville, and DOCS be **dismissed**; and it is further

**RECOMMENDED**, that should the District Court adopt this Report-Recommendation, the Amended Complaint be served on the remaining parties to this action. In the event the District Court adopts these recommendations, the Court has attached a proposed Order to be issued directing the Clerk to issue Summonses and forward them to the Marshal for service on the named Defendants. It is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: October 17, 2008
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DUDLEY HARRIS,

                                  Plaintiff,

        - v -                                              Civ. No. 9:08-CV-271
                                                                     (DNH/RFT)

FISCHER, *Commissioner*, *et al.*,

                                  Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

DUDLEY HARRIS
Plaintiff, *Pro Se*
99-B-1293
Cayuga Correctional Facility
P.O. Box 1186

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

    **ORDERED**, that the Clerk shall issue Summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon the Defendants. The Clerk shall forward a copy of the Summons and Amended Complaint to the Office of the New York State Attorney General, and the Ulster County Attorney, Joshua Koplovitz, at P.O. Box 1800, Kingston, New York 12402, together with a copy of this Order; and it is further

    **ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 7), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that a response to Plaintiff's Amended Complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Date:

    Utica, New York

                                      David N. Hurd
                                      United States District Judge